[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12108
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00014-SPC-CM


COLLIER COUNTY,
a political subdivision of the State of Florida,

Plaintiff - Appellant,

versus

HOLIDAY CVS, L.L.C.,
a corporate subsidiary of CVS Health Corp.,

Defendant,

RTG, LLC,
a Nebraska limited liability company,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 12, 2018)

Before JORDAN, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Collier County, Florida appeals the dismissal of its suit against RTG, LLC (RTG) and Holiday CVS, L.L.C. (CVS), as well as the denial of leave for Collier to further amend its complaint. The district court determined Collier's claims were barred by collateral estoppel and denied leave to amend because amendment would be futile. After careful review,[1] we affirm.

## I.    BACKGROUND

This case arises out of an eminent domain action.[2] Collier County, a political subdivision of Florida, planned to expand an intersection. To complete construction, however, Collier needed to acquire an additional right-of-way. The relevant area included property owned by RTG, which RTG had leased to CVS.

On January 25, 2013, Collier filed a petition to commence an eminent domain proceeding against RTG and CVS. The parcels Collier sought to condemn included eleven of CVS's parking spaces. CVS responded to the petition on February 19, 2013, requesting full compensation as well as "business damages

---

[1] We review the district court's decision to apply collateral estoppel de novo, but the factual determinations underlying its legal conclusion will be upheld absent clear error. *Quinn v. Monroe Cty.*, 330 F.3d 1320, 1328 (11th Cir. 2003). We review the denial of leave to amend for abuse of discretion. *Smith v. Duff & Phelps, Inc.*, 5 F.3d 488, 493 (11th Cir. 1993).

[2] We take these facts from Collier's Amended Complaint and view the same in the light most favorable to Collier, the nonmoving party. *Boyle v. City of Pell City*, 866 F.3d 1280, 1284 n.1 (11th Cir. 2017).

and/or relocation damages." RTG also claimed it was entitled to full compensation and severance damages. Several months later, on May 20, 2013, CVS terminated its lease with RTG, citing the eleven lost parking spaces. But CVS did not close; instead, it continued operating as RTG's month-to-month tenant.

Meanwhile, CVS and RTG's damages claims proceeded to a jury trial. The Amended Complaint alleges "CVS and RTG entered into a plan or scheme to 'game' the eminent domain system." Although CVS fully intended to continue operating as RTG's tenant, CVS and RTG nonetheless sought to maximize the damages award by representing that CVS would be forced to close and RTG would be unable to find another viable pharmacy tenant.

In support, the Amended Complaint cites CVS's "sworn testimony that 'enough business would be lost permanently that would not allow [CVS] to remain profitable after those [parking] spaces were taken.'" CVS declared the location would close on January 1, 2015. In a similar vein, RTG represented it would be unable to rent the property out as a pharmacy or convenience store. The jury awarded CVS $1,933,000.00 in business damages and awarded RTG $3,100,000.00 in severance damages. Collier paid the awards in full.

January 1, 2015, came and went. CVS continued operating at the intersection as RTG's tenant. Collier filed suit against CVS and RTG in state court, alleging unjust enrichment and civil conspiracy to commit extrinsic fraud on the

3

court. In a notice filed in state court, Collier later withdrew the civil conspiracy claim, leaving only unjust enrichment in play.

CVS removed the case to federal court. CVS and RTG both moved to dismiss. Collier sought leave to file a second amended complaint. The district court determined res judicata barred Collier's unjust enrichment claim and granted CVS and RTG's motions, dismissing the action with prejudice. The court simultaneously denied Collier's motion for leave to amend because amendment would be futile. Collier appealed.

## II.    DISCUSSION

A court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment only if the document is central to the plaintiff's claim and its authenticity is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, the district court considered portions of the trial transcript from the eminent domain action, which CVS and RTG had attached to their respective motions to dismiss.

Collier asserts considering those excerpts was error because the transcript is not central to its unjust enrichment claim. We disagree. CVS's representations at trial that the taking would render operations at the intersection unsustainable are the heart of Collier's unjust enrichment claim. The Amended Complaint states: "As part of their scheme, at the trial, CVS and RTG represented that CVS would

4

be leaving . . . because of the 'taking,' thereby leaving RTG without a tenant." In support, the Amended Complaint quotes the trial transcript: "CVS gave sworn testimony that 'enough business would be lost permanently that would not allow [CVS] to remain profitable . . .'"

Collier's attempt to characterize these sections of the Amended Complaint as "fleeting references" made "for purposes of background only" is unavailing. This case was, in Collier's words, brought to prevent CVS and RTG "from obtaining a windfall as a result of retaining the justifiable payment made by [Collier] due to a jury's verdict *plus* the benefits of CVS remaining in business and a tenant of RTG." Collier's unjust enrichment claim is viable only insofar as the jury relied on representations that, as a result of the taking, CVS would not remain in operation as RTG's tenant after January 1, 2015. The portions of the trial transcript considered by the district court go directly to that issue.

The excerpts show Collier's counsel explicitly advised the jury to consider the possibility CVS would continue operating as RTG's month-to-month tenant. Counsel asked the jury, "[W]hat if they don't move out? . . . [A]t least as long as they are profitable, why would anyone leave? . . . I don't know whether they are going to shut down or not. Maybe you can come up with some opinions on that." Because the transcript is central to Collier's claim and its authenticity is not disputed, considering the same was not error.

5

Next, Collier asserts its case is not barred by res judicata. Collateral estoppel, a form of res judicata, precludes the re-adjudication of an issue actually litigated and decided in a previous adjudication, even if it arises in the context of a different cause of action. *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263–64 (11th Cir. 2011). We apply the preclusion law of the state whose courts rendered the first decision—here, the Florida courts. *Agripost, LLC v. Miami-Dade Cty.*, 525 F.3d 1049, 1052 n.3 (11th Cir. 2008). Under Florida law, collateral estoppel applies if: (1) the identical issue was presented in a prior proceeding; (2) the issue was a critical and necessary part of the prior determination; (3) there was a full and fair opportunity to litigate the issue; (4) the parties to the prior action and the present action are the same; and (5) the issue was actually litigated during the prior action. *Marquardt v. State*, 156 So. 3d 464, 481 (Fla. 2015).

The issue in this case could not, Collier contends, have been presented during the eminent domain trial because the "unjust windfall . . . did not even begin to occur until over one year after the conclusion of the trial and the jury's verdict." Not so. Collier's counsel specifically urged the jury in the eminent domain trial to consider, when it assessed the appropriate damages, that CVS could elect to remain as a month-to-month tenant after January 1, 2015. Put simply: Collier's counsel directed the jury to consider the possibility of the same "windfall" Collier now asserts the jury could not have accounted for. True, what

6

was once a possibility had not yet become a reality, but that does not alter the simple fact that the same issue was presented to (and necessarily considered by) the jury in determining the damages owed CVS and RTG.

Finally, the district court did not abuse its discretion by denying Collier leave to further amend its complaint. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). However, denying leave to amend is not an abuse of discretion when amendment would be futile. *Id.* Here, the proposed second amended complaint arises from the same set of operative facts as the Amended Complaint, which the district court properly dismissed on the basis of collateral estoppel. Therefore, the district court did not abuse its discretion.

## III.    CONCLUSION

The district court did not err. Considering the trial transcript excerpts attached to CVS and RTG's motions to dismiss was proper because the transcript is central to Collier's unjust enrichment claim and its authenticity is not disputed. Dismissal with prejudice was appropriate because the damages owed CVS and RTG had already been decided by a jury explicitly urged to consider the possibility that CVS would continue to operate as RTG's tenant. Finally, because amendment

would have been futile, denying Collier leave to further amend its complaint was not an abuse of discretion.

**AFFIRMED.**